[See 3 Fed. 177.]

---

WETMORE, The A. R. See Case No. 569.

---

## Case No. 17,470.

WETTER et al. v. SCHELL.

[11 Blatchf. 193.] [1]

Circuit Court, S. D. New York. June 13, 1873.

CUSTOMS DUTIES — PROTEST AS TO FUTURE IMPORTATIONS.

A valid prospective protest against the payment of duties, made on a particular importation of merchandise, and expressing the intention of the importer that the protest shall apply to

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

all future similar importations made by him, is, under section 5 of the act of March 3d, 1857 (11 Stat. 195), as well as under the prior act of February 26th, 1845 (5 Stat. 727), valid as to subsequent importations of similar merchandise, on which like duties are exacted, as respects not only future exactions of like duties from the protesting party by the same collector, but as respects future exactions of like duties from him by a succeeding collector.

[Cited in Ullman v. Murphy, Case No. 14,325; Davies v. Miller, 130 U. S. 287, 9 Sup. Ct. 561; Schell's Ex'rs v. Fauché, 138 U. S. 572, 11 Sup. Ct. 380.]

[This was an action by A. Wetter and others against Augustus Schell, collector of customs for the port of New York, to recover back certain duties paid under protest. Heard on motion of the defendant to open a judgment heretofore rendered against him, and to set aside the verdict of the jury.]

Henry E. Tremain, Asst. Dist. Atty., for the motion.

Almon W. Griswold, opposed.

BLATCHFORD, District Judge. The question must be regarded as settled in this district, that, under the act of March 3d, 1857, § 5 (11 Stat. 195), as well as under the prior act of February 26th, 1845 (5 Stat. 727), a valid prospective protest against the payment of duties, made on a particular importation of merchandise, and expressing the intention of the importer that the protest shall apply to all future similar importations made by him, is valid as to subsequent importations of similar merchandise, on which like duties are exacted. Steegman v. Maxwell [Case No. 13,-344]; Hutton v. Schell [Id. 6,961].

But, in reference to the present case, it is urged, on the part of the defendant, that a prospective protest made during the term of office of his predecessor in the office of collector, is not applicable to duties paid during the term of office of the defendant. It satisfactorily appears, that all the duties embraced in the refund covered by the judgment in this case were paid to the defendant, and it is by no means clear that a prospective protest covering exactions of the character of those embraced in this judgment was not made by the plaintiffs during the term of office of the defendant. It does appear, however, that all the items of refund covered by the judgment in this case fall within the terms of a prospective protest in regard to the exaction of the same, made by the plaintiff to Mr. Redfield, the predecessor of the defendant in the office of collector. Although there is no reported case covering this question, the point has long been regarded as settled in this court in favor of the validity and sufficiency of such a protest, as respects not only future exactions of like duties from the protesting party by the same collector, but as respects future exactions of like duties from him by a succeeding collector. The records of this court show that the question came before Mr. Justice Nelson, in this court, in March, 1863, in the case of Chouteau v. Redfield [Case No. 2,-

696], where the district attorney, acting for the defendant, as collector, excepted to a report in favor of the plaintiffs, on the ground that a prospective protest made in the time of Collector Bronson, the predecessor in office of Mr. Redfield, was not good as against the latter, or against any other collector than the one in office at the date of the protest. The exception was argued by the counsel for the parties respectively, and Mr. Justice Nelson decided in favor of the plaintiffs, and overruled the exception, and confirmed the report, by a decision signed by him, and now on the files of this court, embodying the foregoing statement of the point decided. This decision has been followed and applied in many cases since, and I am satisfied it is a correct one. The motion of the defendant to open the judgment herein, and to set aside the verdict and the report, is denied.